**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANTHONY LANZA,

      Petitioner,

v.                                                           CASE NO: 8:06-cv-380-T-30MSS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.
_____/

# <u>ORDER</u>

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this

action by filing a timely Petition for Writ of Habeas Corpus (hereinafter "Petition") pursuant

to 28 U.S.C. § 2254 (Dkt. 1).  Subsequently, Petitioner filed an amended petition (Dkt. 7),

Respondent filed a response (Dkt. 20), and Petitioner filed a reply (Dkt. 25).  The matter is

now before the Court for consideration on the merits.

**Background**

Petitioner was charged by indictment with robbery and first degree murder (Dkt. 22,

Ex. 1, at 2).  After the jury reported to the judge that it could not reach a unanimous decision

and was deadlocked 11 to 1, Petitioner waived his right to a unanimous verdict, and on April

29, 2002, the jury, by majority vote, found Petitioner guilty as charged on both counts (Dkt.

22, Ex. 1).  On April 29, 2002, the trial court sentenced Petitioner to life without the

possibility of parole on count one and 19.29 years on count two, to run concurrently.  (Dkt. 22, Ex. 1).

Petitioner appealed his convictions, and on September 26, 2003, the appellate court per curiam affirmed without written opinion (Dkt. 22, Ex. 2).

On November 19, 2004, Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850, in which he raised three claims of ineffective assistance of counsel (Dkt. 22, Ex. 3).  On February 5, 2005, the state trial court summarily denied all of Petitioner's claims (Dkt. 22, Ex. 3).  Petitioner appealed the denial of his 3.850 motion, and on October 7, 2005, the appellate court per curiam affirmed without written opinion (Dkt. 22, Ex. 3), and the mandate issued December 5, 2005 (Dkt. 22, Ex. 3).

On December 12, 2005, Petitioner filed a State Petition for Writ of Habeas Corpus (Dkt. 22, Ex. 4).  On December 19, 2005, the state appellate court, treating the petition for writ of habeas corpus as a petition alleging ineffective assistance of appellate counsel, ordered Petitioner to file an amended petition.  On January 5, 2006, Petitioner filed an amended petition, and on January 10, 2006, the state appellate court denied Petitioner's petition alleging ineffective assistance of appellate counsel without published opinion.  On March 16, 2006, the appellate court denied Petitioner's motion for rehearing.

Petitioner filed the instant Petition on March 3, 2006 (Dkt. 1).[1] He subsequently filed an amended petition (Dkt. 7) on June 19. 2006, raising nine claims of relief, *verbatim*:

1. Appellate counsel failed to argue on appeal the fundamentally erroneous instruction given to jury below.

2. Appellate counsel failed to raise meritorious issue of trial court's error in denying motion for new trial.

3. Appellate counsel failed to raise fundamental issue where trial court gave an unsupported principal instruction.

4. Appellate counsel failed to raise issue of trial counsel's ineffectiveness which was apparent from the face of the record.

5. Appellate counsel failed to raise on appeal the meritorious and preserved issue of the trial court's failure to inquire into petitioner's capacity to make a knowing and intelligent waiver to a unanimous jury verdict.

6. Trial counsel rendered ineffective assistance where recommending and persuading Petitioner to waive his right to a unanimous verdict.

7. The trial court's denial of Petitioner/Defendant's motion to Repudiate his waiver of a unanimous verdict amounted to a denial of Constitutional right to a trial by jury and an equal denial of due process of Law as guaranteed by the 5th, 6th, and 14th Amendments.

8. The state trial court unconstitutionally erred when allowing the prosecutor to refer to a Deposition as substantive evidence during closing arguments.

9. The state trial court unconstitutionally erred when allowing the prosecution, over objection, to characterize Petitioner's closing argument as ridiculous.

(Dkt. 7).

---

[1] Although the Court received Petitioner's petition on March 8, 2006, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner executed his petition on December 12, 2005 (Dkt. 1 at 29).

In response, Respondent concedes that the Petition is timely, but asserts that Petitioner fails to meet the threshold requirements for relief under § 2254(d) and (e) (Dkt. 20).  Having carefully reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the arguments presented by the parties, for reasons set forth *infra*, the Court agrees that Petitioner is not entitled to habeas relief.

### Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims.  See Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

28 U.S.C. § 2254(d). Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003).  Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision.  See Wright v. Sec. of Dep't of Corrs., 278 F.3d 1245, 1255  (11th Cir. 2002).  Additionally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

**Standard for Ineffective Assistance of Counsel Claims**

Petitioner raises allegations of ineffective assistance of trial and appellate counsel, a difficult claim to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).  In order to show a violation of the Sixth Amendment right to counsel, Petitioner must satisfy the two-pronged inquiry of Strickland v. Washington, 466 U.S. 668, 687 (1984); see Bell v. Cone, 535 U.S. 685, 698 (2002)(courts should apply Strickland to claims that counsel failed to satisfy constitutional requirements at specific points). First, Petitioner must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Petitioner must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.,

466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner must prove both prongs of Strickland.  Therefore, if Petitioner fails to establish either deficient performance or prejudice, the court need not address the other prong.  Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,….that course should be followed."); Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

The Strickland standard of review also applies to ineffective assistance of appellate counsel claims. See Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991), cert. denied, 502 U.S. 1077 (1992).  Thus, to prevail on a claim of ineffective assistance of appellate counsel, Petitioner must first show that appellate counsel was objectively unreasonable in not raising the omitted issue.  Smith v. Robbins, 528 U.S. 259 (2000).  In Jones v. Barnes, 463 U.S. 745 (1983), the Supreme Court held that the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue.  The Court suggested that effective advocates "winnow out" weaker arguments even though the weaker arguments may be meritorious.  Id. at 751-52.  The exercise of judgment involved in framing an appeal makes it "difficult to demonstrate that [appellate] counsel was incompetent" under Strickland for omitting a particular argument.  Smith v. Robbins, 528 U.S. at 285-86 (citing Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than

6

those presented, will the presumption of effective assistance of counsel be overcome")).  To demonstrate prejudice, Petitioner must establish a reasonable probability that, but for appellate counsel's alleged error, he would have prevailed on appeal.  Smith v. Robbins, 528. U.S. at 286.

## Discussion

Since Petitioner's convictions were entered after AEDPA was enacted, the instant petition is subject to the provisions thereof.  Because a state court initially considered the claims raised by Petitioner, § 2254(d) governs the review of his claims.  See Mobley v. Head, 267 F.3d 1312, 1316 (11th Cir. 2001).

## Ground One

Petitioner claims he is entitled to relief because "[a]ppellate counsel failed to argue on appeal the fundamentally erroneous jury instruction."[2]  Lanza claims that the judge confused the jury by not adequately defining the meaning of "principal to robbery" in the context of the jury instructions on felony murder because he did not give the principal instruction immediately after the felony murder instruction (Dkt.7, brief, at 3).  Petitioner asserts that this error "effectively excused the prosecution's obligation to prove an essential element of the case," which is reversible error per Sandstorm v. Montana, 99 S. CT. 2450 (1979) (id.).  Since appellate counsel did not raise this issue on appeal, Lanza claims ineffective assistance of counsel (Dkt. 1 at 6).

---

[2]Dkt. 1 at 6.

At trial, the judge gave the jury instructions regarding the elements of felony murder. The third element the State had to prove was that "Ann Marie Sherman was killed by a person other than Anthony Lanza, but both Anthony Lanza and the person who killed Ann Marie Sherman were principals in the commission of a robbery" (Dkt.7, Ex. 14).  The judge then defined the crime of robbery and instructed the jury on those elements.  (Id.)  Next, the court explained the concept of a principal:

> If the defendant helped another person or persons commit a crime, the defendant is a principal and must be treated as if he had done all of the things the other person or persons did if:
> One, the defendant had a conscious intent that the criminal act be done, and
> Two, the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist, or advise the other person or persons to actually commit the crime.
> To be a principal, defendant does not have to be present when the crime is committed.

(Id. at 1008) First, the instruction given was clear and unambiguous.  Petitioner is unable to point to any particular portion of the record to support his conclusory statement that the jury was confused.  This claim lacks factual merit.

Second, where the alleged error regards a particular jury instruction, Florida law requires a timely objection.  Febre v. State, 158 Fla. 853, 30 So. 2d 367 (1947); see Williams v. State, 285 So. 2d 13 (Fla. 1973).  This requirement is based on practical necessity and fairness considerations, and "places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings."  Castor v. State, 365 So. 2d 701, 703 (Fla. 1978).  Except in cases of

fundamental error, which must amount to a denial of due process, appellate counsel is "bound by the acts of trial counsel." Id. As Respondent correctly argues, "[a]ppellate counsel cannot be considered ineffective" for making the strategic decision not to raise issues that "were procedurally barred because they were not properly raised at trial." Rutherford v. Moore, 774 So. 2d 637, 648 (Fla. 2000). Thus, since trial counsel never objected to the jury instruction as complained of by Lanza, appellate counsel was not ineffective for not raising the issue on appeal.

**Ground Two**

Petitioner next argues that appellate counsel was ineffective for not appealing the lower court's denial of his motion for a new trial (Dkt. 1 at 7). Petitioner raised this claim in his state habeas petition. Petitioner "adopts" the issue as presented to the state court, but claims that "in addition" to his state petition, the instant petition alleges violations of federal and Constitutional law (Dkt. 15, brief, at 4). To the extent that Petitioner is claiming Constitutional violations by the trial court, those claims are procedurally barred as discussed infra in Count Eight.

At trial, defense counsel filed a motion for new trial and a motion to repudiate Lanza's waiver of his right to a unanimous jury verdict after the jury returned a guilty verdict. Hearings were held and the court received evidence on this issue. In the post-trial hearings, defense counsel focused all of her arguments and witness testimony on Petitioner's competence to waive a unanimous jury verdict. Since the judge made a finding of fact that Lanza was competent and the waiver was valid, and since trial counsel did not argue or

present evidence on the motion for new trial, competent appellate counsel, in evaluating the issues for appeal, could conclude that the argument for new trial lacked merit and was not viable.  Further, "[a]ppellate claims will not be considered ineffective for failing to raise issues that have little or no chance of success."  Spencer v. State, 842 So.2d 52, 74 (Fla. 2003).  Even if the issue could be said to have merit, appellate counsel may "winnow" out even meritorious issues.  Jones v. Barnes, 463 U.S. at 751-52.  Thus, Lanza's appellate counsel was not ineffective for failing to raise this issue.

**Ground Three**

Next, Petitioner claims his "[a]pellate counsel failed to raise as fundamental error the trial court's erroneous given [sic] an unsupported principal instruction" (Dkt. 1 at 9).  In support, Lanza contends that the state court erred in instructing the jury on the principal theory without "any reliable evidence to support [it]" (Dkt. 7 at 9).  Essentially, Lanza is arguing that there was not enough evidence that he was a principal to the robbery, i.e. that he intended the robbery to be committed or did some act to assist Robert Pasquince in committing the crime.  Thus, Petitioner claims that his appellate counsel was ineffective for not appealing the jury instructions on this issue.  Petitioner raised this claim in his state habeas petition and "adopts" the issue as presented to the state court, but claims that "in addition" to his state petition, the instant petition alleges violations of federal and Constitutional law (Dkt. 7, brief, at 5).  To the extent that Petitioner is claiming Constitutional violations by the trial court, those claims are procedurally barred as discussed infra in Count Eight.

Turning to the ineffective assistance of counsel claim, in Florida "[a] judgment of conviction comes to [the appeals court] with a presumption of correctness and a defendant's claim of insufficiency of the evidence cannot prevail where there is substantial and competent evidence to support the verdict and judgment." Donaldson v. State, 722 So. 2d 177, 182 (Fla. 1998) (quoting Terry v. State, 668 So. 2d 954, 964 (Fla. 1996)).  The mere presence of contradictory evidence does not warrant a reversal of conviction, as weighing contradictory evidence is the job of the jury, and "it is not [a state appellate court's] function to retry a case or reweigh conflicting evidence submitted to the trier of fact." Id.  In this case, the state had witness testimony that placed Lanza in the parking lot of the robbery, driving erratically and picking up a fleeing person from the scene immediately after a gunshot. Additionally, the state had two jailhouse inmates who testified that Lanza admitted he was involved in the robbery, had planned it, and told Pasquince to "go ahead and shoot them" if there was a problem.  Thus, the evidence did support the giving of the instruction, and appellate counsel was reasonable in choosing not to raise this issue on appeal.

**Ground Four**

Petitioner argues that appellate counsel was ineffective for failing to raise on appeal trial counsel's purported error in failing to request a jury instruction on the independent act doctrine (Dkt. 7, brief, at 6).  Petitioner raised this issue in his state habeas petition. Petitioner claims in the instant petition that "failure to request the independent act instruction by trial attorney was ineffective assistance, and prejudicial to Petitioner in denying and depriving Petitioner of his fundamental state and Federal Constitutional Rights to a fair trial"

11

(Dkt. 7, appx. G, at 29).   This assertion about trial counsel, however, does not indicate appellate counsel was ineffective for failing to raise the issue on direct appeal.

There is a strong judicial preference in Florida that claims of ineffective assistance of trial counsel be raised in Rule 3.850 motions rather than on direct appeal.  "The general rule is that the adequacy of a lawyer's representation may not be raised for the first time on direct appeal."  Baker v. State, 937 So. 2d 297, 299 (Fla. 4th DCA 2006).  An exception to the general rule exists when both prongs of the Strickland test are "apparent on the face of the record."  Grant v. State, 864 So. 2d 503, 505 (Fla. 4th DCA 2004).  Cases where this exception was met included facts such as: (1) failure to request jury instruction regarding the *mens rea* element of the crime, Forget v. State, 782 So. 2d 410, 413 (Fla. 2d DCA 2001), and (2) failure to file a motion to dismiss where an appellate decision published four months earlier mandated dismissal, Johnson v. State, 796 So. 2d 1227, 1228-29 (Fla. 4th DCA 2001). The instant facts show no such apparent misconduct, and appellate counsel made a strategic decision to "winnow out" this weaker argument, which was still available for Petitioner to make in his 3.850 motion as preferred by the courts.  Therefore, this ground fails.

### Ground Five

Petitioner next argues ineffective assistance of appellate counsel for failing to raise on appeal Petitioner's capacity to make a knowing, voluntary, and intelligent waiver of his right to unanimous jury.  Petitioner's appellate attorney, however, in the initial brief on direct appeal, states that a "judge's ruling on a defendant's competency will be sustained absent a showing of abuse of discretion" and that "[n]o abuse of discretion can be shown in this case

12

because there was substantial, competent testimony supporting the judge's ruling" (Dkt. 7, appx. E, at 18).  Thus, Petitioner's appellate attorney made a tactical decision to focus on more meritorious issues in his appellate brief, and thus no ineffective assistance is shown.

Petitioner additionally claims that the trial court itself violated Petitioner's Constitutional rights by failing "to inquire into [Petitioner's] capacity to make a knowing and intelligent waiver (Dkt. 7, brief, at 8).  The state court, however, in ruling on Petitioner's 3.850 motion, noted that, at trial, the court "discussed in detail and at length with Defendant personally regarding the right he was giving up" (Dkt. 22, Ex. 3).  This Court is bound by the findings of fact made by the state court unless Petitioner can show the findings to be unsupported by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Petitioner claims he was taking "mind-altering pain medication" at the time of his waiver, but this issue was considered by the state court in Petitioner's Motion to Repudiate Waiver, and the trial court found, after taking evidence from expert witnesses for both sides, that Petitioner did make a knowing and voluntary waiver.  Petitioner asserts no additional facts to rebut the presumption in favor of the trial court's finding of fact.

**Ground Six**

Petitioner also claims ineffective assistance of trial counsel for "persuading" Petitioner to waive his right to a unanimous verdict.  Petitioner raised this issue in Claim One of his 3.850 Motion (Dkt. 22, Ex. 3).

The trial court, in ruling on Petitioner's 3.850 motion, determined that "[a]lthough Defendant characterized counsel's advice as 'persuading' him to waive his right, the

13

transcript refutes this characterization."  For example, at trial, the judge explicitly asked

Lanza if anyone had pressured or threatened him to waive his right to a unanimous jury

verdict, to which Lanza replied "No, ma'am."  In his brief, Lanza explains the reasoning

behind the waiver, stating that his attorney felt the numerical split of 11-1, coupled with the

state's evidence, was favorable to the defense (Dkt.7, brief, at 11).  Clearly, Lanza agreed

with this strategy and adopted it, thus, the trial court was reasonable in finding that Petitioner

made an "affirmative waiver of a unanimous jury verdict."  This Court is bound by the

findings of fact made by the state court unless Petitioner can show them to be unsupported

by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Petitioner has not done so.

Petitioner seems to argue in his brief that his trial counsel was ineffective for

counseling him to effect a waiver that was illegal under Florida law.  Petitioner argues that

Florida law only allows a defendant to waive his right to a unanimous verdict if the jury has

told the court that it could not reach a decision, but not how it stood numerically.  In the

instant case, the jury informed the judge--and the judge informed Petitioner--that the jury was

deadlocked 11-1.

In actuality, however, at the time of Petitioner's conviction, the law in Florida

regarding waivers of unanimous verdicts was unclear.  The Third District had adopted a strict

test from the Eleventh Circuit:

> (1)  the waiver should be initiated by the defendant, not the judge or
> prosecutor; (2)  the jury must have had a reasonable time to deliberate and
> should have told the court only that it could not reach a decision, but *not how
> it stood numerically*; (3)  the judge should carefully explain to the defendant

14

the right to a unanimous verdict and the consequences of a waiver of that right; and (4) the judge should question the defendant directly to determine whether the waiver is being made knowingly and voluntarily. (emphasis added)

Flanning v. State, 597 So. 2d 864, 867-68 (Fla. 3d DCA 1992).

The Fourth District, however, first refused to adopt strict requirements for a valid waiver, then, in Nobles v. State, 786 So. 2d 56 (Fla. 4th DCA 1988), adopted Flanning's test verbatim, but omitted without comment the language "but not how it stood numerically." The Second District, in which Petitioner's trial was held, had not ruled on this issue, and thus, at the time of Petitioner's trial, the law in the Second District as to what procedures were required for a valid waiver of the right to a unanimous verdict was undecided. Therefore, Petitioner's trial counsel was not ineffective in relying on the Fourth Circuit's test as laid down in Nobles to determine that Petitioner was effecting a valid waiver. In any event, knowing the numerical division of the jury did not render the trial fundamentally unfair or in violation of Petitioner's federal constitutional rights.

**Ground Seven**

Petitioner also argues that the trial court's denial of Petitioner's Motion to Repudiate his waiver of a unanimous verdict violated his Constitutional right to trial by jury and due process rights (Dkt. 7 at 13c). Petitioner raised this issue on direct appeal (Dkt. 7, app. E, at 18-21). Petitioner concedes that the trial judge, in an evidentiary hearing held after the conclusion of the trial, specifically ruled that Petitioner was competent to make the waiver (Dkt. 7 at 13c) and in his brief on appeal, which Petitioner incorporates into the instant petition, Petitioner concedes that "[n]o abuse of discretion can be shown" regarding the trial

15

judge's ruling on Defendant's competency, "because there was substantial, competent testimony supporting the judge's ruling" (Dkt. 7, app. E, at 18).

Petitioner argues that the trial judge did not comply with the criteria adopted by the Florida courts regarding waivers of right to unanimous verdict because the judge knew how the jury stood numerically (Dkt. 7 at 13d).  First, the cases to which Petitioner cites reveal not a Constitutional right to a unanimous verdict, but a right under Florida law.  As the Nobles court explained, a non-unanimous verdict offends neither the Sixth Amendment, Nobles, 786 So. 2d at 59 (citing Apocada v. Oregon, 406 U.S. 404 (1972)), nor the Due Process Clause of the Fourteenth Amendment, Id. (citing Johnson v. Louisiana, 406 U.S. 356 (1972)).

Additionally, as discussed *supra*, the law in Florida regarding this issue was far from clear at the time of trial.[3]  The trial judge cannot be said to have committed fundamental error by relying on case law from the Fourth district, which did not require that the judge not know how the jury stood numerically.

**Ground Eight**

Petitioner claims that the trial court unconstitutionally allowed the prosecutor to refer to a deposition admitted to impeach a witness as substantive evidence during the prosecutor's closing argument (Dkt. 7 at 13e).  Petitioner raised this claim as Ground Two on direct appeal solely as a question of state law (Dkt. 7, app. E, at 22).  In the instant petition,

---

[3]The law on this issue is still unclear in the Florida Courts.

Petitioner incorporates his argument on appeal but *adds* a contention that the Prosecutor's remarks in closing were "unconstitutionally prejudicial to the Petitioner" (Dkt. 15 at 13f). Petitioner claims that the "unconstitutional violation" is "contrary to clearly established Federal law as established by the U.S. Supreme Court" (Dkt. 7 at 13f).  To the extent that Petitioner's claim, liberally construed, asserts a violation of due process, the claim fails.

A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." Pruitt v. Jones, 348 F.3d at 1358-59 (quoting O'Sullivan v. Boerckel, 526 U.S. at 845).  To exhaust a claim, a petitioner must present the state court with the particular legal basis for relief under federal law in addition to the facts supporting the claim. See Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)).  Petitioner must make the state court aware that he is raising a federal claim, Snowden, 135 F.3d at 735, and "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made," Anderson v. Harless, 459 U.S. 4, 5-6 (1982) (citations omitted).

Thus Respondent correctly argues that Petitioner "has procedurally defaulted his claim by failing to fairly present any claim in state court" (Dkt. 20 at 53).   Pursuant to the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).   To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999); see also Murray v. Carrier, 477 U.S. 478 (1986).   To show prejudice, Petitioner must show at least a reasonable probability of a different outcome at trial. Henderson v. Campbell, 353 F.3d at 892; Crawford v. Head, 311 F.3d 1288, 1327-28 (11th Cir. 2002).   In the instant petition, Petitioner asserts no external cause that impeded him from properly raising a federal claim in state court and has not shown a reasonable probability that without the prosecution's statements, the outcome of Petitioner's trial would have been different.

Additionally, "[a] 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson v. Campbell, 353 F.3d at 892.   To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. Schlup v. Delo, 513 U.S. 298 (1995).   Petitioner has not shown that the deposition testimony, if used solely for

impeachment and not as substantive evidence, would have likely resulted in acquittal.

Errors of state law in and of themselves are not cognizable on habeas review. Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004). The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can a federal court intervene. Because a state trial court's evidentiary rulings and jury instructions turn on state law, these are matters that are usually beyond the scope of federal habeas review. Id.

**Ground Nine**

Finally, Petitioner argues that the trial court abused its discretion when it allowed the prosecution, in its closing argument, to "urge" that "'any attempt to try to make it sound like [one of the defense's witnesses] is a good guy'" in Petitioner's counsel's closing statement "'is utterly ridiculous'" (Dkt. 7 at 13g). Petitioner raised this claim as Ground Three on direct appeal, stating it solely as a question of state law (Dkt. 7, app. E, at 24). As with Ground Eight, Petitioner has procedurally defaulted this issue by failing to fairly present any federal constitutional issue to the state court. Petitioner fails to allege cause, fails to show that the prosecution's one use of the word "ridiculous" was prejudicial to the point of altering the outcome of the trial, and fails to demonstrate a fundamental miscarriage of justice.

**Conclusion**

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

19

ACCORDINGLY, the Court **ORDERS** that:

1.      The Amended Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 7).

2.      The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 20, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel/Parties of Record

F:\Docs\2006\06-cv-380.lanza order.wpd

20